IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | **Case No.** 5:26-cv-05316 |
| **SHAWN ARRINGTON and JENNIFER** | § | |
| **DEAN**, in their official capacities, | § | |
| *Defendants* | § | |

**Motion to proceed as John Doe and protect identifying material**

Plaintiff requests permission to proceed publicly as John Doe, temporary protection of identifying material before it enters the public docket, and continuing protection of the specific identity, household, and medical information identified below. He tenders his true identity and genuine signature confidentially for the Court and Defendant. He requests immediate temporary protection while this motion is considered.

This government-restriction challenge requires evidence of Plaintiff's mental-health treatment, functional limitations, and accommodated work. Public identification would link those disclosures to him and the home he shares with elderly parents, including his mother, whose sight is failing. The parents are innocent nonparties. The privacy declaration supplies the facts. Plaintiff does not aver that threats or harassment have already occurred.

Plaintiff asks the Court to accept the public complaint, motions, memoranda, declarations, and redacted exhibits under the John Doe caption; maintain the confidential identity/contact sheet, genuine-signature counterparts, and unredacted exhibits under seal; and prohibit public disclosure of the protected identifiers in later filings without further order. Defendant and his

counsel may receive the confidential materials and use them to defend this action, subject to the order's restrictions on further disclosure.

The requested redactions cover Plaintiff's real name and identifying signatures, residential address, personal contact information and PID; identifying Texas case numbers and related case details; direct identifiers in the email, grievance, and condition records; provider and employer identifying information in the supporting letters; and the additional clinical and personal-history passages marked in the public exhibits. The public versions retain the substance needed to evaluate the claims, official actions, functional needs, and requested relief. The confidential originals allow review of every omitted passage.

Plaintiff requests permission to sign public papers as John Doe while tendering true-name signed counterparts confidentially under Rule 11 and Local Rule 5.5. He also requests permission to supply the public summons and cover-sheet contact entries through a confidential service/contact sheet furnished to Defendant and the Clerk. These requests address the filing rules expressly rather than assuming that pseudonymous signatures or omitted public contact details are automatically authorized.

If the Court requires Plaintiff's name publicly, he alternatively requests continued protection of his home address, contact details, household information, specific clinical passages, and unrelated identifying case details. Before any protected material is released, he requests five business days' notice and maintenance of the temporary seal during that period to permit a request for reconsideration or other review. He requests return, rather than public filing, of documents tendered with a sealing motion that is denied, consistent with the Court's Administrative Policies and Procedures Manual, Part IV.B.

The separate brief, privacy declaration, and proposed order support these requests. Plaintiff requests a prompt ruling that permits adjudication of the emergency merits motion without exposing the identifying materials before the privacy issue is decided.

**Notice and delivery**: see the accompanying notice declaration.

Respectfully submitted,

John Doe, pro se
True identity and contact information supplied confidentially
with the motion for pseudonymity and sealing.

Dated: November 10, 2026.