IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | **Case No.** 5:26-cv-05316 |
| **SHAWN ARRINGTON and JENNIFER** | § | |
| **DEAN**, in their official capacities, | § | |
| *Defendants* | § | |

**Motion to shorten response time and expedite hearing**

Plaintiff moves under Federal Rule of Civil Procedure 6(c)(1)(C), Rule 65, and Local Rule 7.2(b) to shorten the response and hearing-notice periods for the accompanying emergency motion. He requests immediate judicial review, **an ex parte hearing and order**, a response within twenty-four hours after Defendant receives the emergency papers and scheduling order, and a telephone or video hearing within forty-eight hours after that receipt, or sooner if necessary to precede the harm documented in Attachment A.

The requested schedule is necessary because the operative restrictions affect ongoing work and receipt of notices, pending judicial rulings, VA mental-health forms, an email-only psychiatrist contact, and online treatment scheduled for Friday, November 13, at 11 a.m. and Monday, November 16, at 6:00 p.m. An ordinary fourteen-day response period would leave those injuries unaddressed. Plaintiff's declarations specify the actual implementation time and earliest injury.

Plaintiff requests permission for Defendant to state his initial position orally at an immediate conference and supplement it in writing on the shortened schedule. If the Court cannot hear the parties before the documented harm, Plaintiff requests consideration of a brief TRO preserving

the specified lawful uses pending that hearing, subject to Rule 65's requirements. He requests a preliminary-injunction hearing before any TRO expires.

Plaintiff will promptly transmit the papers and any scheduling order to Arrington and to counsel who appears or identifies authority to act for him. The notice declaration records actual contacts and delivery. Plaintiff requests prompt directions for any additional notice the Court requires; informal notice does not replace Rule 4 service.

The accompanying separate brief establishes good cause. A proposed scheduling order is tendered independently of the proposed TRO so that expedited adversarial review can proceed even if immediate substantive relief is reserved.

**Notice and delivery:** see the accompanying notice declaration.

Respectfully submitted,

John Doe, pro se
True identity and contact information supplied confidentially
with the motion for pseudonymity and sealing.

Dated: November 10, 2026.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | **Case No.** ____________________________ |
| **SHAWN ARRINGTON and JENNIFER** | § | |
| **DEAN**, in their official capacities, | § | |
| *Defendants* | § | |

**Memorandum supporting shortened response and expedited hearing**

Rule 6(c)(1)(C) authorizes a court order shortening the ordinary fourteen-day notice period for a motion hearing. Local Rule 7.2(b) allows the Court to shorten the ordinary response period for cause. Rule 65 provides the framework for temporary and preliminary injunctive relief. Together these provisions permit a schedule that protects the parties' opportunity to be heard before the challenged restrictions cause the documented harm.

Good cause is established by the specific timing in Attachment A and declaration paragraphs 16–23. Plaintiff's remote work and paperless accounts require ongoing access to notices and instructions. Judicial rulings are pending in two matters requiring potential appellate action. A VA video telehealth session is scheduled for November 13; the outside psychiatrist's only communication channel is email; and the next regular online treatment session is November 16. These are current channels and scheduled obligations. The ordinary response period would outlast the first injuries.

Plaintiff requests an initial ex parte hearing and emergency order, followed by response within twenty-four hours after receipt of the papers and scheduling order, and a hearing within forty-eight hours, or earlier to precede the specified harm. An immediate telephone conference permits

Defendant to state his position and identify any genuine need for additional time. The Court can set focused supplemental briefing while preserving the necessary lawful uses through a short TRO.

For a preliminary injunction, notice must afford a fair opportunity to oppose the motion and prepare for the hearing. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 & n.14 (1974). Plaintiff requests that opportunity on an expedited schedule, not automatic conversion of the TRO into a preliminary injunction. If a TRO is entered, the Court should schedule the preliminary-injunction hearing before its expiration and make the findings required by Rules 52(a)(2) and 65.

Plaintiff's notice declaration identifies actual delivery and contacts. If relief without any opportunity for opposition becomes necessary, Rule 65(b)(1) additionally requires specific sworn facts showing injury before the adverse party can be heard and the required written certification of notice efforts and reasons notice should not be required. This motion seeks prompt adversarial consideration as the primary course. Plaintiff requests immediate interim action only to the extent supported by the completed sworn record and Rule 65.

The Court should shorten the response and hearing-notice periods, permit an immediate telephone appearance, and set the earliest hearing that precedes the documented injury. The proposed scheduling order leaves the Court's calendar and entry time for the Court to complete.

**Notice and delivery**: see the accompanying notice declaration.

Respectfully submitted,

John Doe, pro se
True identity and contact information supplied confidentially
with the motion for pseudonymity and sealing.

Dated November 10, 2026.